UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LGBTQ+ Real Estate Alliance, Inc.,

Plaintiff,

v.

Ryan A. H. Weyandt,

Defendant.

Case No. 0:25-cv-02745-ECT-ECW

**DEFENDANT'S SUPPLEMENTAL DECLARATION IN RESPONSE TO PLAINTIFF'S MISREPRESENTATIONS**

RECEIVED JUL 2 5 2025 CLERK, U.S. DISTRICT COURT ST. PAUL, MINNESOTA


SCANNED JUL 2 5 2025 U.S. DISTRICT COURT ST. PAUL

## 1. Voluntary Surrender Clarification

On July 22, 2025, I voluntarily surrendered to law enforcement in relation to an unrelated legal matter. I was not arrested. I turned myself in at approximately 2:00 a.m. and was released the same day at 5:00 p.m. My voluntary cooperation with the transition of Alliance accounts and systems occurred both before and after this time and was not interrupted by this brief period of custody.

*[signature]*   7/25/25

## 2. Presumption of Innocence and Irrelevance to Civil Matter

The pending legal matter referenced by Plaintiff is entirely unrelated to this case and remains unadjudicated. I have not been convicted of any crime. It is legally and ethically improper for Plaintiffs to introduce such references into a civil matter. The Court rightly admonished Plaintiffs for this tactic during the July 16 hearing.

### 3. Invalidity of Performance Improvement Plan (PIP)

The PIP referenced by Plaintiffs was developed under the advisement of former Alliance General Counsel Zaylore Stout, who has since been indefinitely suspended from the practice of law by the Minnesota Supreme Court. The plan was unilaterally imposed, indefinite in term, lacked defined performance metrics, and did not follow proper nonprofit HR governance procedures.

## 4. Account Access, Control, and Legal Responsibility

It is the legal and procedural obligation of the employing organization to disable access and reassign system credentials after employee separation. In *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009), the court confirmed that system access is not unauthorized unless explicitly revoked. I cooperated fully in handing off credentials where access was possible. Access to Google Workspace and PayPal was limited due to two-factor authentication controls tied to my deactivated Alliance email account.

Federal agencies such as the General Services Administration (GSA) provide guidance consistent with this approach, assigning duty for access termination and digital offboarding to the employer. The LGBTQ+ Real Estate Alliance adopted similar frameworks, including those used by institutions like Virginia Commonwealth University (VCU) — a relevant nonprofit/educational analog.

## 5. Newsletter and Member Data Ownership

The email subscriber list referenced by Plaintiffs was not solely derived from Alliance activity. It originated from a list taken by David Siroty from NAGLREP when he left that organization to join the Alliance as a PR contractor. It was expanded by over 56 contributors credited publicly on the Alliance website as the original Steering Committee, for which I was elected Chair prior to incorporation. It included over 3,500 personal contacts of mine, as well as contacts absorbed from a nonprofit merger with PREPPA LA. This list contains subscribers, not just members, and was never solely a proprietary internal list.

## 6. No Formal Termination or Accepted Resignation

At my own recommendation, I was placed on a voluntary paid leave of absence, which is substantiated by Alliance payroll records. Upon the conclusion of that leave, I received no formal termination notice nor any documented acknowledgment of resignation by the Board of Directors. Any removal or change in position lacked formal procedural acknowledgment and thus remains extrajudicial.

## 7. Request for Relief

In light of the above and the demonstrable falsehoods and irrelevant defamatory materials included in Plaintiff's pleadings, I respectfully request:

- That the Court STRIKE any references to pending criminal charges or alleged mental health/substance issues from the record under FRCP 12(f).
- That the Court consider imposing SANCTIONS on Plaintiff for violating Rule 11 by including irrelevant, scandalous, and knowingly false statements in their filing.
- That the Court reiterate or issue a specific order assigning responsibility to Plaintiff to execute system and credential transfer protocols, as per federal guidance.

Respectfully submitted,

/s/ Ryan A. H. Weyandt

Ryan A. H. Weyandt

Date: July 24, 2025

Attachments:

- Exhibit A: Google Admin Access Request & Lockout Email Chain

- Exhibit B: PayPal 2FA Denial Screenshots

- Exhibit C: Chrome, WordPress, and Vimeo Transfer Confirmations

- Exhibit D: Text Exchanges with Richard Woods and Tommie Wehrle

- Exhibit E: Sworn Declaration Regarding Lack of Termination or Accepted Resignation

- Exhibit F: Sworn Statement on Origin of Alliance Email List

Filed Pro Se by:

Ryan A. H. Weyandt

14217 Footbridge Way

raweyandt@gmail.com

(952) 356-2849