UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LGBTQ+ Real Estate Alliance, *a Minnesota non-profit company*, | File No. 25-cv-2745 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Ryan A. Weyandt, | |
| Defendant. | |

---

Defendant Ryan A. Weyandt has filed a Motion to Amend or Supplement the Record Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 34. He requests judicial acknowledgment of "the timely submission of supplemental materials" included with the motion. *Id.* at 1; *see* ECF Nos. 35–37. Those supplemental materials include requests to strike certain references from Plaintiff LGBTQ+ Real Estate Alliance's filings, to consider Rule 11 sanctions against Alliance, and to issue an "order assigning responsibility to Plaintiff to execute system and credential transfer protocols, as per federal guidance." ECF No. 36 at 2. Mr. Weyandt notes he "does not seek to disturb or vacate the Court's existing Order"—presumably the July 24, 2025 Order granting in part Alliance's motion for a preliminary injunction—"but merely requests formal acknowledgment and docketing of materials that were submitted in compliance with judicial procedure." ECF No. 34 at 2; *see generally* ECF No. 25 (July 24 Order).

Mr. Weyandt's motion will be denied. Rule 59(e) governs motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve a limited function

of correcting 'manifest errors of law or fact or [presenting] newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). For the most part, Mr. Weyandt does not seek relief Rule 59(e) provides. He seeks confirmation that certain materials were docketed correctly. He seeks sanctions. And he asks that certain filed materials be struck from the record. Rule 59(e) does not authorize these requests. Mr. Weyandt's request to revise or amend the "transfer protocols" described in the July 24 Order might fit within Rule 59(e). It sounds like he's asking that the Order be amended in some respects. But Mr. Weyandt has not identified a manifest error of law or newly discovered evidence that would justify granting the request.

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Ryan A. Weyandt's Motion to Amend or Supplement the Record Pursuant to FRCP 59(e) is **DENIED**.

Dated: August 6, 2025                                         s/ Eric C. Tostrud
                                                              Eric C. Tostrud
                                                              United States District Court