UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LGBTQ+ REAL ESTATE ALLIANCE, INC.,

A Minnesota Nonprofit Corporation,

Plaintiff,

v.

RYAN A. H. WEYANDT,

Defendant.

Case No. 0:25-cv-02745-ECT-ECW :

DEFENDANT'S MOTION FOR PROTECTIVE ORDER, CLARIFICATION, AND SANCTIONS

Defendant Ryan A. H. Weyandt, proceeding pro se, respectfully moves this Court pursuant to Fed. R. Civ. P. 26(c), Rule 11, 28 U.S.C. §§ 1651 & 1927, and the Court's inherent powers, for entry of a protective order, clarification of the July 24, 2025 injunction order, and sanctions against Plaintiff for the reasons set forth below.

INTRODUCTION AND FACTUAL BACKGROUND

On July 24, 2025, this Court issued a partial injunction order in this matter. On or about August 1, 2025, Plaintiff disseminated a "Court Case Related FAQ" to Alliance members, which misrepresented the scope of the injunction, falsely stating that Defendant is prohibited from all communication with Alliance members. On August 7, 2025, an Alliance leadership call allegedly discussed "victory" over Defendant, misrepresented the injunction's restrictions, and devolved into gossip regarding unrelated pending criminal charges.

These actions have caused reputational harm, risked intimidation of potential witnesses, and undermined the integrity of these proceedings. Defendant previously filed a Notice of Intent on August 7, 2025 alerting the Court to this conduct.

LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits the Court to "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden." The Supreme Court in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) recognized courts' broad authority to restrict dissemination of sensitive information to prevent abuse. The Eighth Circuit in *Goff v. Harper*, 60 F.3d 518, 521 (8th Cir. 1995) reaffirmed that protective orders may be used to prevent interference with litigation and protect parties from harassment.

Courts have inherent power to clarify their orders to avoid misunderstanding or misapplication. *Spencer v. NLRB*, 712 F.2d 539, 540 (D.C. Cir. 1983); *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). This authority extends to sanctioning parties for bad-faith conduct (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)), imposing penalties for improper filings under Rule 11 (*Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006)), and addressing conduct that unreasonably multiplies proceedings under 28 U.S.C. § 1927 (*Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001)).

The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to issue orders "necessary or appropriate in aid of their respective jurisdictions," including measures to preserve the integrity of prior orders (*United States v. New York Tel. Co.*, 434 U.S. 159, 172-73 (1977)).

ARGUMENT

I. Protective Order is Warranted

Plaintiff's dissemination of misleading statements about the injunction, coupled with public discussion of unrelated criminal charges, constitutes harassment and risks prejudicing potential witnesses. Under *Seattle Times* and *Goff*, these facts justify a narrowly tailored protective order prohibiting such communications.

II. Clarification of Injunction

Given the misrepresentations in the FAQ and leadership call, clarification is necessary to confirm that the injunction does not impose a blanket prohibition on all contact with Alliance members, but only those contacts explicitly covered in the Court's order. *Spencer* and *Philip Morris* make clear the Court's authority to clarify its orders.

III. Sanctions are Appropriate

Plaintiff's conduct - misrepresenting a court order to third parties, spreading unrelated allegations, and forcing Defendant to seek repeated judicial intervention - constitutes bad faith under *Chambers*, violates Rule 11 standards (*Clark*), and unreasonably multiplies proceedings under § 1927 (*Lee*). Sanctions are warranted to deter further misconduct.

RELIEF REQUESTED

Defendant respectfully requests that the Court:

1. Enter a protective order prohibiting Plaintiff, its counsel, and its agents from misrepresenting the injunction or disseminating unrelated allegations to members or third parties.

2. Clarify the July 24, 2025 injunction order to reflect its actual scope.

3. Impose sanctions as the Court deems appropriate under Rule 11, 28 U.S.C. § 1927, and its inherent powers.

4. Grant any further relief the Court deems just and proper.

Dated: August 7, 2025
Respectfully submitted,

/s/ Ryan A. H. Weyandt
Ryan A. H. Weyandt
Pro Se Defendant
14217 Footbridge Way
Apple Valley, MN 55124
Email: ryan.weyandt1@gmail.com
Phone: (952) 356-2849

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record.

/s/ Ryan A. H. Weyandt

Ryan A. H. Weyandt