

Writer's Direct Dial No.: (952) 460-9223
E-Mail:tpriebe@Hjlawfirm.Com

August 29, 2025

Magistrate Judge Elizabeth Cowan Wright    VIA E-FILE
Warren E. Burger Federal Building
316 North Robert Street
St. Paul, Minnesota  55101

Re:   LGBTQ+ Real Estate Alliance vs. Ryan A. Weyandt
      Court Case No.:  0:25-cv-02745 (ECT/ECW)
      Our File No.:  38572.0001

Dear Judge Wright:

Pursuant to the Court's request at the Status Conference on August 25, 2025, this letter serves as Plaintiff's detailed status update setting forth the relief Plaintiff is still seeking in this case, along with what steps Plaintiff believes need to be taken to effectuate that relief. (Dkt. 48).

Plaintiff commenced this action to regain control of the Domains, Alliance Email Addresses, Accounts, and Customer List (as defined in Dkt. 9 and 25). The Court's Order granting, in part, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order provided that Plaintiff is the lawful owner of the Domains, Alliance Email Addresses, and Accounts, and that Defendant was prohibited from accessing Plaintiff's email server, editing or changing content on Plaintiff's Domains, accessing or otherwise using Plaintiff's Customer List, Domains, Email Addresses, and Accounts for any purpose, and from holding himself out has having authority to act or speak on behalf of Plaintiff. (Dkt. 25). While the Court's Order alleviated some of Plaintiff's initial and immediate concerns, Plaintiff seeks the same relief on a permanent basis. *See Minn. Vikings Football Stadium, LLC v. Wells Fargo Bank, Nat'l Ass'n,* 193 F. Supp. 3d 1002, 1014 (D. Minn. 2016) (setting forth four-factor test required for courts to grant permanent injunctive relief).

In particular, Plaintiff is seeking a permanent order (or agreement, if possible) it can enforce against Defendant after this case is closed that provides: (1) Plaintiff is the lawful owner of the Domains, Alliance Email Addresses, Accounts, and Customer List (collectively "Accounts"); (2) Defendant has no right to access, use, control, or appropriate the Accounts; and (3) Defendant is prohibited from holding himself out as having authority to speak or act on behalf of Plaintiff.

The permanent injunctive relief sought by Plaintiff in this case is available under the Minnesota Trade Secrets Act (Minn. Stat. § 325C.01, *et. seq.*), Federal Defend Trade Secrets Act (18 U.S.C. § 1836, *et. seq.*) (collectively "Trade Secrets Acts"), and the Stored Wire and Electronic Communications Act ("SCA") (18 U.S.C. § 2701). Permanent injunctive relief is also available under Plaintiff's tortious interference claim.[1]

---

[1] *A&L Lab'ys, Inc. v. Bou-Matic, LLC*, No. CIV.02-4862(PAM/RLE), 2003 WL 21005305*3 (D. Minn. Apr. 25, 2003) ("injunctive relief is available for tortious interference claims.")

Magistrate Judge Elizabeth Cowan Wright
Warren E. Burger Federal Building
August 29, 2025
Page 2

In addition to permanent injunctive relief, Plaintiff is still seeking an award of monetary damages based on, among other things, the decreased revenue and membership caused by Defendant's unlawful actions described throughout Plaintiff's Motion for TRO (Dkt. 9), reputational harm, and recoverable attorneys' fees and costs. Plaintiff also reserves the right to seek equitable relief and/or punitive damages. In other words, Plaintiff is still seeking permanent injunctive relief, monetary damages, punitive damages, and attorneys' fees in this case.

If the parties are unable to agree to an early settlement, Plaintiff believes that the steps necessary to grant the relief sought in this case will consist of a motion for summary judgment after basic written discovery is conducted and Defendant's deposition is taken. To be brief, Plaintiff believes the positions and defenses asserted by Defendant in this case are baseless and will be easily dispensed of as a matter of law.[2] However, since the purpose of this letter is to provide only Plaintiff's requested relief in anticipation of a settlement conference, a further explanation is not necessary.

While the parties have engaged in some settlement discussions, Plaintiff has been unable to make substantial progress based on the Defendant's insistence that he still has some authority over Plaintiff and a right to pursue some, unspecified claims against Plaintiff. Accordingly, Plaintiff requested a Settlement Conference with the Court to help the parties resolve this dispute. In the event the parties are unable to reach a resolution during the Settlement Conference, Plaintiff intends to proceed on the merits of its case.

Please let us know if the Court would like additional information or has any questions regarding this correspondence.

Very truly yours,

HELLMUTH & JOHNSON

Thomas H. Priebe
Attorney at Law

THP/st

Cc:   Ryan A. Weyandt (via email: raweyandt@gmail.com)
      LGBTQ+ Real Estate Alliance (via e-mail)
      The Honorable Eric C. Tostrud (via email)
      The Honorable Elizabeth Cowan Wright (via email)

---

[2] For example, Defendant's assertions that he has authority to oversee Plaintiff's operations and/or the right to speak or act on behalf of Plaintiff as a "founder" or "incorporator" are factually and legally incorrect. Defendant resigned months ago, is no longer an employee or board member, and is not otherwise affiliated with Plaintiff. *See* Dkt. 9; Dkt. 18.