| LGBTQ+ Real Estate Alliance, a Minnesota nonprofit corporation, Plaintiff, v. Ryan A. Weyandt, Defendant. | Case No. 0:25-cv-02745-ECT-ECW |
| --- | --- |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS

Hearing: June 5, 2026 at 1:30 p.m. | Courtroom 3C | Before Magistrate Judge Wright

### INTRODUCTION

Defendant Ryan A. H. Weyandt respectfully submits this Memorandum of Law in support of his Motion for Leave to File twenty Counterclaims against Plaintiff LGBTQ+ Real Estate Alliance. These claims arise directly from the same employment relationship, governance conduct, and organizational transactions that Plaintiff has placed at issue in its own Complaint. Several are compulsory under Rule 13(a). All are supported by documentary evidence developed through discovery, including Weyandt's April 7, 2026 deposition, payroll records, board minutes, governance documents, contemporaneous communications, and the sworn Affidavit of Rebecca A. Judd.

The Alliance sued Weyandt six days after he filed a formal petition with the Minnesota Attorney General and Secretary of State. It did so presumably with at least the assistance of a General Counsel who was indefinitely suspended from the Minnesota bar on April 30, 2025, and with the active participation of an attorney who had established a formal attorney-client relationship with Weyandt in September 2024. Discovery has crystallized claims that could not have been fully articulated at the time of the original Answer. Leave to file counterclaims should be granted.

### LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend 'shall be freely given when justice so requires.' Foman v. Davis, 371 U.S. 178, 182 (1962). The Eighth Circuit

applies a liberal amendment policy, denying leave only where there is 'undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to the non-moving party, or futility.' Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). Where scheduling order deadlines have passed, Rule 16(b)(4) requires a showing of 'good cause.' Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). Good cause focuses on the diligence of the party seeking amendment. Id.

## ARGUMENT

### I. THE COUNTERCLAIMS ARE COMPULSORY UNDER RULE 13(a)

Rule 13(a) requires a party to plead as a counterclaim 'any claim that -- at the time of its service -- the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.' The Alliance's Complaint centers on Weyandt's employment relationship with the Alliance and his conduct following departure. Weyandt's counterclaims for breach of employment contract, unpaid wages, disability discrimination, and fiduciary duty violations arise from the identical employment relationship and governance conduct. They are compulsory and must be pleaded or waived.

### II. GOOD CAUSE EXISTS UNDER RULE 16(b)(4)

Good cause exists because the factual and legal bases for the counterclaims were not fully crystallized until discovery. Specifically:

A. Deposition Crystallized the Counterclaims. Weyandt's deposition on April 7, 2026, revealed the full scope of the Alliance's governance manipulation, compensation history, and the PIP process. Plaintiff's own questioning on these topics confirmed the factual predicates for each counterclaim and, in some instances, produced admissions supporting them. Prior to deposition, Weyandt lacked the procedural record needed to plead these claims with the specificity required under Iqbal/Twombly.

B. The Affidavit of Rebecca A. Judd. The sworn affidavit of Rebecca A. Judd (Exhibit B), dated July 15, 2025, establishes that Alliance General Counsel Zaylore Stout secretly retained Judd to create HR manuals that were required PIP deliverables, received the completed manuals on September 6, 2024, and deliberately withheld them from both the Alliance and Weyandt. This evidence -- establishing that the PIP was maintained through deliberate suppression of deliverables rather than legitimate performance concerns -- was not available in assembled form until April 2025 and could not have been pleaded in the original Answer filed in September 2025.

C. Discovery Confirmed Governance Defects. Document production confirmed the Alliance's involuntary dissolution (January 8 through June 17, 2025), the absence of proper swearing-in procedures for board officers, and Ziegler's December 5, 2024 communications conditioning Weyandt's leave approval on an official act personally benefiting Ziegler. These facts were developed through discovery and deposition.

D. Stout's Bar Suspension. The Minnesota Supreme Court's indefinite suspension of Zaylore Stout effective April 30, 2025 -- confirmed in Supreme Court Case No. A25-0169 and parallel federal reciprocal discipline proceedings (Case No. 0:2025mc00024, D. Minn.) -- was not known at the time of the original Answer and bears directly on the wrongful use of civil proceedings and civil conspiracy claims.

## III. PLAINTIFF WILL NOT BE UNDULY PREJUDICED

No undue prejudice results from permitting these counterclaims. All claims arise from facts and documents already within Plaintiff's possession and produced in discovery. Plaintiff's counsel has been on notice of Weyandt's employment and governance grievances since the initial meet-and-confer in August 2025. The June 5, 2026 hearing date provides adequate time for Plaintiff to respond to the motion. Trial is set for October 2026.

Plaintiff's anticipated prejudice argument -- that the counterclaims expand the scope of litigation -- is not the kind of prejudice cognizable under Rule 15. Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) (prejudice requires more than added expense or delay inherent in any amendment). The counterclaims do not introduce new factual territory -- they reframe existing facts from Weyandt's perspective.

## IV. THE COUNTERCLAIMS ARE NOT FUTILE

Leave to amend may be denied only if the proposed claims would not survive a motion to dismiss. Munro v. Lucy Activewear, Inc., 899 F.3d 585, 589 (8th Cir. 2018). Each of Weyandt's twenty counterclaims is supported by specific factual allegations that, if proven, would entitle him to relief.

Plaintiff may argue that some counterclaims are untimely or unsupported. Those arguments are merits arguments inappropriate for resolution on a motion for leave. Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986). At the leave stage, the Court does not weigh the merits. The counterclaims are facially plausible and supported by documentary evidence, sworn testimony, and third-party affidavit. They are not futile.

## V. THE SETTLEMENT RECORD REFLECTS GOOD FAITH

Plaintiff's counsel represented to the Court at the April 27, 2026 IDR conference that Weyandt had been uncooperative with settlement. This characterization is contradicted by the documentary record. Weyandt engaged in continuous, good-faith settlement discussions from August 2025 through April 2026. A court-ordered settlement conference was held November 10, 2025. Weyandt transmitted a formal written proposal on February 22, 2026 and provided a detailed written declination on April 29, 2026 identifying four specific legal objections. Weyandt expressly stated he remained open to settlement on materially different terms. The complete settlement correspondence chain is available for the Court's in camera review. This filing does not reflect litigation theater -- it reflects Weyandt's exercise of rights that have existed throughout this proceeding.

## CONCLUSION

For the foregoing reasons, Defendant Ryan A. H. Weyandt respectfully requests that the Court grant leave to file the Proposed Counterclaims attached hereto as Exhibit A, and for such other and further relief as the Court deems just and proper.


Dated: May 8, 2026


Respectfully submitted,


/s/ Ryan A. Weyandt

_____

Ryan A. H. Weyandt
Pro Se Defendant
1964 Rahncliff Ct. SE, Suite 200
PO Box 22023
Eagan, Minnesota 55122
(952) 356-2849
ryan.weyandt1@gmail.com

_____

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record at Hellmuth & Johnson PLLC:

Thomas H. Priebe, Esq. -- tpriebe@hjlawfirm.com
Jack P. Golbranson, Esq. -- jgolbranson@hjlawfirm.com
Amanda M. Kunkel, Esq. -- akunkel@hjlawfirm.com

/s/ Ryan A. Weyandt
Ryan A. H. Weyandt, Pro Se Defendant